IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEREMY LUQUIN,

Plaintiff,

v.

JACKSON COUNTY; MICHAEL
ELKINGTON, personally,

Defendants.

Civ. No. 1:13-cv-1650-CL

REPORT AND
RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted (#6). Plaintiff filed a response (#8) on December 22, 2013. Oral argument occurred on January 17, 2014. For the reasons discussed below, the court recommends that defendant's motion be GRANTED and this case dismissed.

## BACKGROUND

The following facts are not in dispute. On October 26, 2011, plaintiff Jeremy Luquin ("plaintiff") was arrested in Jackson County and arraigned the following day on charges of assault in the fourth degree, harassment, and strangulation. On November 7, 2011, plaintiff pleaded guilty to strangulation and was sentenced to ten days' incarceration with credit for time served. Plaintiff's detention from October 27 through November 7 satisfied his sentence on the strangulation conviction.

After serving his 10-day sentence, plaintiff remained incarcerated in Jackson County from November 8 until December 13, 2011, pending transfer to Washington State where he had a probation hold. On December 13, plaintiff was transported to Washington to appear in probation revocation proceedings. The Clark County District Court found plaintiff in violation of his probation and imposed a sentence of 36 days' incarceration, allowing credit for time served in Jackson County from November 8 through December 13. Plaintiff was subsequently released from custody.

Plaintiff filed this action September 18, 2013, alleging a violation of his Fourth and Eighth Amendment right to be free of over-detention under 42 U.S.C. § 1983. Compl. ¶¶ 20-24. The complaint alleges that Elkington and the County violated plaintiff's right not to be subjected to incarceration and seizure without probable cause, in violation of the federal Constitution, by subjecting him to 14 days' imprisonment in Jackson County jail beyond the period of time allowed under "interstate compact rules." Compl. ¶¶ 1, 18, 26, 32. Plaintiff also alleges state law claims of negligence, false imprisonment, and malicious prosecution against the County and defendant Elkington.

Defendants now move to dismiss plaintiff's complaint, arguing that it fails to satisfy Federal Rule 12(b)(6). This court has jurisdiction over plaintiff's federal claim pursuant to 28 U.S.C. §§ 1331 and 1343, and over his state law claims pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

Under FED. R. CIV. P 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). To survive a motion to dismiss under FED. R. CIV. P 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." *Id.* at 555. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. *Id.* at 570; *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

## DISCUSSION

Defendants argue that plaintiff's complaint fails to meet the pleading standard set forth in Federal Rule 12(b)(6). The court finds that plaintiff fails to allege any facts that, taken as true, state a § 1983 violation, and therefore recommends that defendant's motion be granted.

Plaintiff's first claim alleges that the defendants violated his Fourth Amendment and Eighth Amendment rights, because he was incarcerated "without probable cause" from

November 8, 2011, through December 13, 2011. Compl. ¶ 21. Plaintiff, however, acknowledges that he was incarcerated during that time period for an interdisciplinary hold due to pending charges in the State of Washington. Plaintiff also admits that he was sentenced by the Clark County Court in Washington to 36 days on a probation violation, and received credit for that sentence for the time served in Jackson County from November 8 through December 13. In other words, plaintiff's sentence on the probation violation accounted for the time spent in Jackson County jail from November 8 through December 13, 2011, following the 10 days served for a strangulation conviction, October 27 through November 7, 2011.

In *Wilkinson v. Dotson*, the Supreme Court clarified its prior rulings on state prisoners' § 1983 actions, stating that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Wilkinson* court thus explained that absent prior invalidation of his conviction or sentence, a state court prisoner cannot state a § 1983 claim if it implicates the validity of his underlying sentence. *Id.* at 82.

Here, plaintiff does not allege that the 36-day sentence imposed by the Clark County court on his probation violation was invalid. Moreover, plaintiff's first claim for relief, if successful, would demonstrate that his detention pursuant to the probation violation sentence violated his Constitutional rights. Thus, if successful, plaintiff's § 1983 claim would demonstrate that his probation violation sentence and 36-day confinement pursuant to that sentence was invalid. Under *Wilkinson*, plaintiff's § 1983 claim is therefore barred. *Wilkinson*, 544 U.S. at 81-81.

Plaintiff's remaining claims are alleged under state law. Because this court's jurisdiction over plaintiff's state law claims is contingent upon successful pleading of plaintiff's § 1983 claim, defendant's motion should be granted and this case dismissed.

## RECOMMENDATION

Plaintiff's § 1983 claim is barred under *Wilkinson* because it challenges the underlying validity of his sentence. The court should decline to exercise jurisdiction of plaintiff's remaining state law claims, and GRANT defendants' motion to dismiss (#6).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due 14 days from today's date. If objections are filed, any response to the objections is due 14 days from the date of the objection. *See* FED. R. CIV. P. 72, 6.

DATED this 27 day of January, 2014.

MARK D. CLARKE
United States Magistrate Judge